Dear Mr. Gallagher:
You advise this office that a question has arisen concerning R.S.33:1(A)(2), providing:
 § 1. Petition for incorporation; contents; circulation; required signatures
 A. Residents of any unincorporated area with a population in excess of two hundred inhabitants may propose the incorporation of the area as provided in this Subpart. A petition proposing the incorporation of the area shall be prepared and shall contain the following:
 * * * * *
 (2) A statement of a number of inhabitants residing in the unincorporated area. Such statement shall be based on the latest federal decennial census or another current population report or count which is verifiable.
You ask whether or not inmates incarcerated in a parish prison located within the unincorporated area should be included in the population count as required by R.S. 33:1(A)(2).
R.S. 33:1(A)(2) specifically provides different avenues for the count of the "inhabitants residing in the unincorporated area." The statute requires that the count be based on the latest federal decennial census or another current population report or count which is verifiable.
Note that if the report from the Census Bureau is utilized in its entirety, inmates would be included in the total of the inhabitant count. The Census Bureau utilizes the "usual residence rule", and counts persons at the place in which they generally eat, sleep, and work. Further, the Census Bureau has developed special residence rules for persons living in group quarters, including prisons. Inmates are listed as residents of the locality where the prison is located, and not where the inmate would have been living if not in prison.
An action challenging the Census Bureau's decision to count inmates pursuant to its "usual residence" rule was rejected in District ofColumbia vs. United States Department of Commerce, 789 F. Supp. 1179(1992). Therein, the Court stated:
 The Bureau of Census has interpreted the constitutional command to enumerate the whole number of people on Census day to require enumeration at the place where the people are usually to be found. They have developed a series of procedures whereby the state of usual residence receives the benefit of the population. The Bureau has also developed and consistently applied a set of rules for specialized institutions that ascribe residents of these institutions to the state within whose political boundaries the institution is located. This is a determination based on geography. The determination is designed to be administered easily, without in-depth factual analysis. The use of such a rule is a rational determination by the Census Bureau.
The Census Bureau in District of Columbia vs. U.S. Department ofCommerce, supra, conceded that "the usual residence for census purposes is not necessarily the same as legal residence or voting residence." SeeDistrict of Columbia, supra, at page 1180.
The federal decennial census is to be utilized to determine congressional representation as mandated by Art. I, § 2 of the United States Constitution.[1] See also Baldridge vs. Shapiro,102 S.Ct. 1103 (1982), at page 1109, where the Court stated "although the National Census mandated by Art. I, § 2 of the Constitution fulfills many important and valuable functions for the benefit of the country as a whole, its initial constitutional purpose was to provide a basis for apportioning representatives among the states in Congress." This office has recognized that prisoners are to be included in the tabulation of population for the State of Louisiana where they are located for purposes of reapportionment. See Attorney General Opinion 91-208.
However, this office has declined to utilize that portion of either a federal census or a local special census with respect to reclassification of a town to a city where both census reports included the inmate population of prisoners. The author of Attorney General Opinion 97-453 stated:
 According to Webster's Third New International Dictionary, "inhabitant" is defined as "a person who dwells or resides permanently in a place as distinguished from a transient lodger or visitor." A prisoner in a correctional center does not reside permanently of his or her free will, but is imprisoned and deprived of the freedom to choose to dwell or reside permanently in a place. In sum, it is our opinion that those persons imprisoned in a correctional center do not meet the definition of the term inhabitant, as used in R.S. 33:341, and therefore, should not be included in the population count for the purposes of classifying a municipality as a city, town or village.
Similarly, we conclude here that the word "inhabitant" as used by the federal Census Bureau does not have the same meaning as reflected in our state law at R.S. 33:1(A)(2). It is our opinion that the inmate population of an unincorporated area does not meet the definition of the term "inhabitants" for purposes of population count in a municipal annexation.
Thus, it is our opinion that the statement submitted in accordance with R.S. 33:1(A)(2), whether based upon the federal decennial census, or based upon a special census conducted pursuant to R.S. 1:11.1,[2]
should not include the inmate population of the unincorporated area.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] U.S. Constitution Art. 1, § 2, cl. 3 mandates a decennial census for the purpose of apportioning representatives to Congress, "in such manner as they [the Congress] shall by law direct."
[2] R.S. 1:11.1 provides:
§ 11.1. Special census
All incorporated municipalities in the State of Louisiana are hereby authorized and empowered to take a special census when ordered by the governing authority of the municipality, all costs to be paid for by the municipality; provided, however, that upon the taking of one special census, another special census shall not be taken for at least a three year period. Upon completion of said census, a copy thereof shall be sent to the governor, who after investigation and verification of said census, shall certify the results, and the special census shall thereupon become the official census of the municipality until the next official census of the Bureau of the Census of the United States Department of Commerce or a subsequent special census as provided for herein.
OPINION NUMBER 91-208
May 30, 1991
92-A-a REAPPORTIONMENT R.S. 33:1411, R.S. 18:531, R.S. 18:532.1, R.S. 18:1906 Art. 3 § 6(A), R.S. 18:1922, R.S.18:1923
1990 Bureau of Census Provisions of Public Law 94-171 Appendix D
Relative to whether the inmates at Washington Correctional Institute are to be included when working on reapportionment lines?
Mr. Billy Wayne Rester President Washington Parish Police Jury Courthouse Bldg. Franklinton, LA 70438
Dear Mr. Rester:
We are in receipt of your letter requesting an opinion regarding reapportionment. Specifically, you asked:
 Whether the inmates at Washington Correctional Institute are to be included or excluded when working on reapportionment lines?
Local government reapportionment is required under the provisions of R.S. 33:1411 as follows:
 "A. All parish governing authorities the form of government of which provides for the election of all or part of its members from wards, districts or other subdivisions shall within six months after the official release of every decennial census, examine the apportionment plan of its body to determine if there exists any substantial variation in the representation of the election districts. After this examination the body shall by ordinance adopted by a majority of the members thereof, either declare its apportionment to be equitable and continue its existing apportionment plan or provide for a new apportionment plan.
 B. If reapportionment be necessary it shall be made effective at the end of the term of the incumbent officials.
 C. The boundaries of any election district for a new apportionment plan from which members of the parish governing authority are elected shall contain the whole election precincts established by the parish governing authority under R.S. 18:532 or 532.1."
The Bureau of the Census of the United States Department of Commerce has provided for 1990 population and housing counts in the provisions of Public Law 94-171. Appendix D. Collection and Processing Procedures of Public Law 94-171, attached for your review, provides the following:
 "Person in Institutions — Persons under formally authorized, supervised care or custody, such as in federal or state prisons; local jails; federal detention centers; juvenile institutions; nursing, convalescent, and rest homes for the aged and dependent; or homes, schools, hospitals, or wards for the physically handicapped, mentally retarded, or mentally ill, were counted at these places." (Emphasis Added.)
An information specialist for the U.S. Census Bureau stated that it is ironclad procedure that prisoners are counted where they are located.
The Louisiana Election Code provides for the tabulation of population for legislative reapportionment in R.S. 18:1906. Specifically, section 1906 provides:
 "In accordance with Article III, Section 6(A) of the Constitution of Louisiana, the tabulation of population for each decennial census on the basis of which the legislature shall reapportion the representation in each house shall be the tabulation of population reported and transmitted by the United States Bureau of the Census to the governor and the legislature within one year after the census date, under the provisions of Public Law 94-171. Such tabulation of population shall be the sole basis for the establishment of legislative districts, and no other or subsequent tabulation of population shall be considered or utilized in such reapportionment."
As stated above, the "tabulation of population shall be the sole basis" for reapportioning legislative districts. The Code provides a time frame for local reapportionment and provides sanctions for failure to meet such time frame at R.S. 18:1922 and 1923. Under these provisions for "Local Reapportionment", the Code does not specify that local reapportionment shall be based solely on the tabulation of population by the Census Bureau as stated above for legislative reapportionment. However, it is logical to reapportion local districts on the same basis as legislative districts.
In conclusion, since prisoners are included in the tabulation of population for the State of Louisiana where they are located, the Washington Parish Police Jury shall include the inmates at Washington Correctional Institute when working on their reapportionment lines.
If I can be of further assistance, please advise.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: _________________________ ANGIE ROGERS LaPLACE Assistant Attorney General